UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL PERON,<br><br>                    Plaintiff,<br><br>v.<br><br>THE VONS COMPANIES, INC.,<br><br>                    Defendant. | Case No.:  3:15-cv-1567-L-JMA<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO STATE COURT** |

Pending before the Court in this putative class action for violation of California wages and hours laws is Plaintiff's motion to remand.  Defendant filed an opposition and Plaintiff replied.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, Plaintiff's motion is denied as moot.  This action is remanded to the Superior Court of the State of California, County of San Diego.  Plaintiff's request for attorney's fees is denied.

Plaintiff filed a complaint in State court alleging, among other things, that Defendant failed to provide meal periods as required by California Labor Code § 512(a). (Notice of Removal ("Notice"), Ex. A ("Compl.").)  Defendant filed an answer asserting two pertinent defenses: (1) California Labor Code Section 512(e), which exempts the employer from compliance if the employee is covered by a valid collective bargaining agreement ("CBA") and certain other requirements are met; and (2) federal preemption

under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Subsequently, Defendant filed a summary judgment motion arguing in part for dismissal based on its defense under section 512(e). (Notice Ex. M ("MSJ").) In his opposition, Plaintiff argued the CBA was unenforceable because it was not yet signed by all parties, it did not apply to him because his probationary period had not yet ended, and the exemption under 512(e) does not apply because the CBA does not comply with all requirements. (*Id*. Ex. V ("MSJ Opp'n").)

Shortly thereafter Defendant removed the action to this Court asserting federal question jurisdiction under 28 U.S.C. § 1331 based on preemption under Section 301 of the LMRA. No other basis for federal subject matter jurisdiction has been advanced. Anticipating Plaintiff's untimeliness objection, Defendant contended Plaintiff's opposition brief was the first instance when Defendant could ascertain that the meal period claim was preempted. In his motion to remand, pointing to the defenses asserted in the answer, questions asked in deposition, and arguments made in support of summary judgment, Plaintiff counters that Defendant could have sooner ascertained that the action was removable based on federal preemption. Plaintiff argues the action should be remanded because the removal was untimely.

The removal statute, 28 U.S.C. § 1446, "provides for two thirty-day windows during which a case can be removed: (1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (quotation marks, citations and emphasis omitted). Defendant did not remove during the first window, but well over a year after service of the initial complaint and within thirty days of Plaintiff's opposition to Defendant's summary judgment motion.

Defendant's opposition to Plaintiff's remand motion is twofold. It first seeks to establish why the case is removable, and then counters that, although it had known about

the CBA more than 30 days before filing the notice of removal, federal preemption only became apparent from the nature of Plaintiff's arguments in opposition to the summary judgment motion.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Accordingly, before considering Plaintiff's arguments regarding the timeliness of removal, the Court turns to subject matter jurisdiction, *i.e.*, whether Plaintiff's state law claim for meal period violations is preempted by Section 301 of the LMRA. In pertinent part, the preemption provision of section 301 provides, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Federal jurisdiction conferred by this provision is not exclusive. State courts have concurrent jurisdiction, but must apply federal law if the claim is preempted. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 506-08 (1962).

Section 301 "preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005). Plaintiff brought his meal period claim under California

1  Labor Code § 512(a) without any reference to the CBA.  (*See* Compl. at 2, 18-20.)  As
2  relevant here, section 512(a) requires employers to provide a meal break of at least 30
3  minutes when an employee works for a period of more than five hours per day, and a
4  second meal period of at least 30 minutes when the employee works for ten hours per
5  day.  If the employer does not provide meal periods as required, it must pay the employee
6  for one hour of work at regular rate for the missed meal period.  Cal. Labor Code §
7  226.7(c).

8      As argued by Defendant, section 512(e) exempts employers from compliance when
9  the employee is a commercial driver "covered by a valid collective bargaining
10 agreement" which "expressly provides for . . . meal periods" and complies with other
11 requirements, which are not in dispute here.  With respect to meal periods, Defendant's
12 CBA provides that "the lunch period shall be taken as near the middle of the work shift as
13 possible."  (*See* Notice Ex. O at Ex. 1 ("CBA") Art. XVI ¶H.)

14     "A state law claim is not preempted under section 301 unless it necessarily requires
15 the court to interpret an existing provision of a CBA that can reasonably be said to be
16 relevant to the resolution of the dispute."  *Cramer v. Consol. Freightways, Inc.*, 255 F.3d
17 683, 693 (9th Cir. 2001) (*en banc*).

> The plaintiff's claim is the touchstone for this analysis; the need
> to interpret the CBA must inhere in the nature of the plaintiff's
> claim.  When the parties do not dispute the meaning of contract
> terms, the fact that a CBA will be consulted in the course of
> state law litigation does not require preemption.

22 *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 997-98 (9th Cir. 2007) (internal
23 quotation marks omitted, quoting *Cramer*, 255 F.3d at 690-91 & citing *Caterpillar, Inc.
24 v. Williams*, 482 U.S. 386, 398-99 (1987)).  "If the claim is plainly based on state law, §
25 301 pre-emption is not mandated simply because the defendant refers to the CBA in
26 mounting a defense."  *Cramer*, 255 F.3d at 691.

27     The Court is expressing no opinion regarding the issues whether the CBA is
28 enforceable, applies to Plaintiff, and meets all the requirements of section 512(e).  Even if

1  Defendant's position on these issues is fully accepted for the sake of the argument, the
2  resolution of Plaintiff's meal period claim does not require interpretation of the CBA.
3  Plaintiff, who was employed by Defendant on an hourly basis as a local truck driver,
4  alleged he was required to work through his meal periods without the compensation
5  required when a meal period is not provided. (Compl. at 1-2 &18.) Plaintiff alleges
6  Defendant typically assigned work loads which could not be completed without working
7  through meal periods, thus forcing employees not to take them. (*Id*. at 19.) Defendant
8  also did not inform its employees of their right to a second meal period when they
9  worked ten hours or more. (*Id*. at 19-20). Finally, Defendant did not permit commercial
10 drivers to go more than one mile off of their assigned route during meal periods, and
11 required them to protect their truck during their entire shift, including meal periods.
12 (MSJ Opp'n at 4-5 & 9-11.)

13       The determinative question is whether the state law factual inquiry turns on the
14 meaning of any provision of the CBA, *i.e.*, whether the State law claim *requires*
15 interpretation of the CBA. *Ward*, 473 F.3d at 998 & n.1 (emphasis in *Ward*). The
16 resolution of the factual issues presented by Plaintiff does not require interpretation of the
17 CBA. To the extent the CBA applies, it modifies the requirements of section 512(a) only
18 as to the timing of meal periods. In contrast, Plaintiff complains that Defendant's
19 employees could not take meal periods at all. Defendant does not contend that this issue
20 is addressed in the CBA.

21       An analogous issue was decided in *Gregory v. SCIE*, 317 F.3d 1050 (9th Cir.
22 2003). Mr. Gregory, who worked in the entertainment industry, claimed his employer
23 violated California Labor Code Section 510 by failing to pay him for all overtime hours
24 he worked when his work on various television and movie productions for the same
25 employer was combined. Id. at 1051-52. His employer countered the claim was
26 preempted under section 514, which exempts compliance with section 510 when, among
27 other things, a valid CBA provides premium wage rates "for all overtime hours worked."
28

*Id*. at 1053.  The employer argued the CBA had to be interpreted to resolve Mr. Gregory's overtime claim.  Id.  The Court rejected the argument, reasoning:

> The plaintiff's claim is the touchstone of [the preemption] analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim.  If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

*Gregory*, 317 F.3d at 1052-53 (quoting *Cramer*, 255 F.3d at 691) (brackets added in *Gregory*).  The court analyzed the issue:

> While overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the *method* of calculation.  The issue here is not how overtime rates are calculated but whether the *result* of the calculation complies with California law, i.e., whether Gregory is paid at premium wage rates for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week" (emphasis added), as required by California law.  Cal. Lab. Code § 510.  The issue arises because the work Gregory performed for SCIE on different productions exceeded in the aggregate eight hours in one work day and forty hours in one work week.  He was not paid premium wage rates because SCIE does not lump together different productions to calculate overtime hours.  The dispute between the parties may require interpretation of the words "any work" in the statute, but its resolution does not require reference to, much less interpretation of, the CBA.

*Id*. at 1053 (emphases in original).  Based on the foregoing, the court found that the overtime claim was not preempted, and remanded the action to State court.  *Id.* at 1054.

    The same holds here.  Plaintiff's meal period claim is not preempted by Section 301 of the LMRA.  Defendant does not advance any other basis for federal jurisdiction.  The Court therefore finds that federal subject matter jurisdiction is lacking.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

1     For the foregoing reasons, this action is remanded to the Superior Court of the State of California, County of San Diego.  The Court need not consider Plaintiff's motion to remand, which is based entirely on the procedural argument that removal was untimely.  Plaintiff's motion to remand is therefore denied as moot.  His request for attorney's fees is denied.

    **IT IS SO ORDERED.**

Dated:  September 29, 2016

_____
Hon. M. James Lorenz
United States District Judge